No. 53.—Cowles & Ward, plaintiffs in error, *vs.* Archibald Clark, defendant in error.

[1.] Where the bill of exceptions does not embrace the material facts upon which the judgment of the Court below was rendered, and which are indispensably necessary to enable this Court to review the judgment of the Court below, the writ of error will be dismissed.

The bill of exceptions in this case referred to divers documents, as having been used in evidence on the trial below, and also to certain testimony taken by commission ; none of which was embodied in the bill of exceptions, nor appended thereto, under the certificate of the presiding judge below.

The counsel for the plaintiffs in error moved a suggestion of a diminution of the record; which was overruled.

The counsel for the defendant in error then moved to dismiss the writ of error, on the ground of the incompleteness of the bill of exceptions; the documents and other evidence omitted, being material to a hearing in the Supreme Court.

WINGFIELD, HINES & HINES and POE & NISBET for plaintiffs.

C. J. McDONALD for defendant.

*By the Court.*—WARNER, J., delivering the opinion.

This is a motion to dismiss the plaintiffs' writ of error, on the ground that material documentary evidence, had upon the trial, is not embraced in the bill of exceptions, which is necessary for the hearing of the cause in this Court.

[1.] It appears from the record, that Cowles plead in bar to the suit in the Court below, his certificate in discharge, as a bankrupt under the act of Congress, and that *fraud* was suggested, for the purpose of vacating the decree declaring him a bankrupt, on the ground that he had not returned a fair schedule of his property as required by the bankrupt act. The certificate of bankruptcy is not embraced in the bill of exceptions, or in the brief of the evidence, nor is there any statement as to the *time of its date.*

From what we can learn from the record, the fraud alleged consists, in not returning, in the bankrupt's schedule, certain property which had been mortgaged, but which mortgage had lost its lien in consequence of not being recorded within time. To enable this Court to determine the questions made by the record, as we understand them, the certificate of bankruptcy ought to be before us, or at least, a *statement of its date,* that we might know *the time* at which he was declared a bankrupt; the record is silent as to that fact. It would be equally important to have the mortgage before us, at least a statement of *its date,* when recorded, and all the *material facts* connected with it, necessary to a correct application of the law thereto. The certificate of bankruptcy and the mortgage, constituted *material* and important evidence, upon which the judgment of the Court below was had, and which is indispensably necessary for this Court to have before it, to enable it to review the judgment of the Court below. The judgment of the Court

below was given on the facts presented to it, including the mortgage and the certificate of bankruptcy. The fourth rule of this Court requires, that "a brief of the oral, and a copy of the written evidence adduced in the Court below, shall be embodied in the bill of exceptions, and shall constitute a part of the same."

This rule was intended as well for the protection of the *rights of the parties,* as a *proper understanding of the judgment of the Court ;* and the Court below is interested to see that all the *material* facts on which its judgment was rendered, are embraced in the bill of exceptions and sent up to this Court. The parties are also equally interested to have all the *material* facts in the cause, upon which the judgment of the Court which they seek to reverse or affirm, was rendered, correctly represented to this Court.

Indeed, the evidence was required to be embraced in the bill of exceptions, that the Court below might inspect it, and certify to its being correct, not only for its own protection, but for the protection of the rights of the parties interested in the judgment of the Court.

This is a duty which we feel we cannot too earnestly recommend to the *favourable consideration* of the judges of the Superior Courts, deeply impressed as we are with the great necessity of having the facts, upon which their judgment was predicated in the Court below, faithfully represented on the record certified and transmitted to this Court.

The facts in this case necessary to a correct review of the judgment of the Court below, not being embraced in the bill of exceptions, the motion to dismiss the writ of error must be allowed.